**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAKE CHARLES DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 2:26-CR-044-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ALEX TAYLOR FONTENOT (01)** | **MAGISTRATE JUDGE LEBLANC** |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE INDICTMENT**

NOW INTO COURT, through the undersigned counsel, comes Defendant Alex Taylor Fontenot, who, for the reasons in the accompanying memorandum in support, respectfully submits this reply to the government's opposition, Doc. 39, to her motion to dismiss the indictment, Doc. 35.

## I. INTRODUCTION

Ms. Fontenot accepts every allegation in the indictment and asks the Court to weigh no evidence. Her motion presents two questions of law. The first is constitutional: whether the only sentence the grand jury quoted, "[i]f you step foot onto my house, you're leaving in a body bag," Doc. 15 at 1, can be a true threat on the face of the indictment. The second is statutory: whether an indictment that names only "Immigrations and Customs Enforcement agents" alleges a threat "to injure the person of another" under 18 U.S.C. § 875(c). Doc. 15 at 1.

The government offers four arguments in response. First, it contends that *Burger* requires a jury to decide whether the statement is a true threat. Doc. 39 at 5-

9. Second, it contends that neither the statement's conditional form nor its address to a category of persons prevents it from being a true threat. *Id.* at 9-12. Third, it contends that the acts the statement describes are not lawful acts. *Id.* at 12-14. Fourth, it contends that the indictment is sufficient and that the motion cannot be decided under Rule 12(b)(3)(B). *Id.* at 14-16. Section III answers the first three, which go to the constitutional ground, and Section IV answers the fourth.

## II. THE COURT REVIEWS A TIMELY RULE 12 MOTION ON THE INDICTMENT'S ALLEGATIONS, NOT UNDER THE FORFEITURE STANDARD THE GOVERNMENT BORROWS

The government asks the Court to apply a standard reserved for forfeited challenges, treating the indictment as sufficient unless "by any reasonable construction, it fails to charge an offense for which the defendant is convicted." Doc. 39 at 14 (quoting *United States v. Alford*, 999 F.2d 818, 823 (5th Cir. 1993)). That standard applied in *Alford* because the defendant "failed to object to the sufficiency of the indictment in the trial court and raises this point for the first time on appeal." *Id.* at 823. On a timely pretrial motion, the Court takes the indictment's allegations as true and decides whether they state an offense. *United States v. Fontenot*[1], 665 F.3d 640, 644 (5th Cir. 2011); *United States v. Ratcliff*, 488 F.3d 639, 643 (5th Cir. 2007).

The same standard governs whether the motion can be decided before trial. A

[1] No relation to the defendant in this case.

defense is "capable of determination" without a trial "if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *United States v. Burger*, 170 F.4th 395, 402 (5th Cir. 2026) (quoting *United States v. Covington*, 395 U.S. 57, 60 (1969)).

## III. THE CHARGED SENTENCE IS PROTECTED SPEECH, AND NONE OF THE GOVERNMENT'S THREE CONSTITUTIONAL ARGUMENTS SHOWS OTHERWISE

### A. *Burger* does not require a jury where the Court decides the motion on the indictment alone

The government's first argument, that *Burger* "requires this Court to let the jury decide" whether the statement is a true threat, overlooks the exception *Burger* itself recognized. Doc. 39 at 5. *Burger* held that "[w]hether a statement is a true threat is generally a question for the jury," and, "[i]n other words, whether Burger's statements are true threats is a fact issue." 170 F.4th at 403. *Burger* reached that conclusion because the context there was disputed and the analysis would have been incomplete without the tipsters' testimony. *Id.* at 404-05. *United States v. Daughenbaugh*, 49 F.3d 171 (5th Cir. 1995), and *United States v. Howell*, 719 F.2d 1258 (5th Cir. 1983), on which the government also relies, Doc. 39 at 5, reviewed convictions. And the Fifth Circuit cited *Daughenbaugh* in *O'Dwyer* and still affirmed a pretrial dismissal of a Section 875(c) indictment. *United States v. O'Dwyer*, 443 F. App'x 18, 20 (5th Cir. 2011) (unpublished). *Burger* left *O'Dwyer* standing because the context there "appears to have been agreed." 170 F.4th at 405.

The way to honor both halves of *Burger* is to decide this motion on the

indictment alone. This Court should measure only what the grand jury charged. On that record there is no disputed context, because there is no context beyond the quoted sentence, the date, the medium, and the category the grand jury named. Whether the Constitution permits punishing those words is a question on which judges bear "a constitutional responsibility that cannot be delegated to the trier of fact." *Bose Corp. v. Consumers Union of United States, Inc.*, 466 U.S. 485, 501 (1984).

The government's own rendering of the sentence shows why the Court should consider only the indictment. The government presents a transcription it calls "a word-for-word recitation" and renders the sentence as "You step foot into my house, you're leaving in a body bag." Doc. 39 at 2. But the grand jury charged "**[i]f** you step foot onto my house." Doc. 15 at 1 (emphasis added). The government's version drops "if," the word on which the motion turns, and changes "onto" to "into." The indictment says the video stated the quoted sentence "among other things," *id.*, but it does not identify those other things, and a defendant may not "be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him." *Russell v. United States*, 369 U.S. 749, 770 (1962). What the Court can measure is what the grand jury quoted.

### B. THE CONDITIONAL WORDING AND THE MISSING TARGET PLACE THE CHARGED SENTENCE ON *O'DWYER*'S SIDE OF THE LINE, NOT *MULLER*'S

The government's second argument, that neither the statement's conditional form nor its address to a category of persons prevents it from being a true threat, answers a position Ms. Fontenot has not taken. Doc. 39 at 9-12. Ms. Fontenot has

never argued that a conditional statement can never be a threat. Doc. 35-2 at 17. But the conditional sentence the grand jury here quoted names no person, fixes no place but the speaker's own home, sets no time, and describes nothing the speaker will do unless someone first steps onto that home. Doc. 15 at 1. Its only object is the pronoun "you."

*Muller*, which the government calls "recent and on-point," Doc. 39 at 9, is an unpublished review of a jury verdict in which the court "remain[ed] deferential to the verdict." *United States v. Muller*, No. 25-10429, 2026 WL 737343, at *2 (5th Cir. Mar. 16, 2026) (unpublished). Muller called a named FBI agent, promised to "hunt you . . . down and slaughter you like the traitorous dogs you are in your own f---ing homes," and then texted the agent, "How's the family? Safe?" *Id.* at *1. The panel's own summary marks the distance: "Muller repeatedly threatened harm specifically and directly to Agent Wilson and his family, and Agent Wilson took immediate security measures to protect his family and investigate the caller." *Id.* at *2. The sentence charged here names no one and promises nothing to anyone who stays out of Ms. Fontenot's home.

The government's category argument fares no better. It says the target here is "narrower" than in *Perez* and *Burger*. Doc. 39 at 12. But the posts in *Perez* referred to two specific grocery stores in San Antonio, and a jury convicted after trial. *United States v. Perez*, 43 F.4th 437, 439-40 (5th Cir. 2022). A threat that places its targets at identified stores in a named city is more particular than a sentence addressed to

"you" and a nationwide category of ICE agents. The government also tries to confine *O'Dwyer* to "scoundrels," an indeterminate group. Doc. 39 at 15. But O'Dwyer's email named five people and invoked a "security breach" at "500 Poydras Street," and the Fifth Circuit still held that the e-mail "did not threaten bodily harm to any particular individual," because "[t]he most he said was that 'a number of scoundrels might be at risk.'" *O'Dwyer*, 443 F. App'x at 19-20.

**C. Each lawful entry the government lists depends on a fact the indictment does not plead**

The government's third argument, that the acts the statement describes "are not lawful acts," fails because the only entry the sentence describes is an unlawful one. Doc. 39 at 12. A true threat is a serious expression of an intent to commit "an act of unlawful violence." *Virginia v. Black*, 538 U.S. 343, 359 (2003). The charged sentence describes harm only if someone steps onto the speaker's home. Absent a warrant, consent, or exigency, that entry is unlawful, because "the Fourth Amendment has drawn a firm line at the entrance to the house." *Payton v. New York*, 445 U.S. 573, 590 (1980). And Louisiana law treats deadly force against a person "attempting to make an unlawful entry into the dwelling" as justifiable where the occupant "reasonably believes that the use of deadly force is necessary to prevent the entry." La. R.S. 14:20(A)(4)(a); *see* Doc. 35-2 at 16.

The government answers with a catalogue of lawful entries: a knock-and-talk, a Rule 41 or *Payton* warrant, emergency aid, hot pursuit, and consent. Doc. 39 at 12-13. Each depends on a fact the indictment does not plead. Emergency aid, for

example, requires "an objectively reasonable basis for believing that an occupant is seriously injured or imminently threatened with such injury." *Brigham City v. Stuart*, 547 U.S. 398, 400 (2006). The government cannot supply the unlawful violence *Black* requires by imagining facts the grand jury did not charge. On the face of this indictment, the only entry the sentence describes is one the law forbids.

## IV. THE INDICTMENT DOES NOT ALLEGE A THREAT TO INJURE "THE PERSON OF ANOTHER," AND THE GOVERNMENT OFFERS NO CONSTRUCTION OF THE STATUTE THAT SAYS OTHERWISE

The government's response to the statutory argument is that the indictment is sufficient because it "tracks the statutory language, references the defendant's subjective intent, and provides a determinate audience—ICE agents," together with the assertion that ICE agents are "a determinate group of people." Doc. 39 at 15. Neither addresses the text, *Borden v. United States*, 593 U.S. 420 (2021), *United States v. Cox*, 957 F.2d 264 (6th Cir. 1992), or *United States v. Khan*, 937 F.3d 1042 (7th Cir. 2019). *See* Doc. 35-2 at 28-29.

The government's sufficiency argument rests on *Robin* and *Morales*, and neither answers the statutory question. *Robin* holds that "[t]o allege a true threat, the exact wording of the threatening statement need not be set out in the indictment." *United States v. Robin*, 693 F.2d 376, 380 (5th Cir. 1982); Doc. 39 at 14-15. That is a rule about notice. Ms. Fontenot does not claim she lacks notice of the charge; she claims that the facts the indictment alleges fall outside the statute, which no amount of notice can cure. *See United States v. Panarella*, 277 F.3d 678, 685 (3d Cir. 2002);

*Ratcliff*, 488 F.3d at 649 (affirming dismissal). *Robin* also involved a named target, a threat "to go kill Reagan." 693 F.2d at 378. *Morales*, which the government cites for the proposition that no ICE agent needed to see the post, Doc. 39 at 15-16, held, as relevant here, that a threat need not be communicated to its target. *United States v. Morales*, 272 F.3d 284, 288 (5th Cir. 2001). The threat in *Morales* also had an identified object, the "TEACHERS AND STUDENTS AT MILBY" high school in Houston. *Id.* at 286.

The text of the statute requires an identified object of the threat. Section 875(c) punishes "any threat to kidnap any person or any threat to injure the person of another." 18 U.S.C. § 875(c). The same sentence uses two phrases for the object of the threatened harm. A threat to kidnap reaches "any person." A threat to injure reaches "the person of another." Congress chose an indefinite object for one clause and a definite object for the other, and the difference must be given effect. The definite article marks a person who has been identified, and "of another" ties the injury to someone other than the speaker.

The Dictionary Act does not erase that choice. It provides that "words importing the singular include and apply to several persons, parties, or things," but only "unless the context indicates otherwise." 1 U.S.C. § 1. The context here does indicate otherwise. Nothing in this reading requires "person" to be singular; a threat to injure several identified people is a threat to injure "the person of another" as to each of them. What the text requires is an identified object. Reading "the person of

another" to reach any member of a class would make it mean exactly what "any person" means in the preceding clause. *Virginia v. Black* points the same way. It describes a threat of violence "to a particular individual or group of individuals." 538 U.S. at 359. A particular group is one the speaker has singled out, such as the teachers and students of a named Houston high school. *Morales*, 272 F.3d at 286. A nationwide agency workforce identified only by its employer is not.

*Borden* supports this reading. It construed closely similar words, "use of physical force against the person of another," in the Armed Career Criminal Act. 593 U.S. at 424. A plurality held that "[t]he phrase 'against another,' when modifying the 'use of force,' demands that the perpetrator direct his action at, or target, another individual." *Id.* at 429 (plurality opinion). *Borden* construed a different statute and does not control here, but the plurality read that phrase to require conduct aimed at a target, which is how Section 875(c) should be read as well.

The government's own words confirm the defect. It defines the group as "anyone who was an ICE agent." Doc. 39 at 15. That describes a class, and the statute requires a person. And its word "audience" answers the wrong question. The statute asks about the object of the threatened injury, not the audience for the communication. *Morales* itself shows that audience and object are different things. The indictment identifies an audience and no object, so it fails to state an offense under Section 875(c).

## V. CONCLUSION

For these reasons and those stated in her memorandum in support, Ms. Fontenot respectfully requests that the Court dismiss the indictment, Doc. 15. The charged sentence is not a true threat on the face of the indictment and is protected by the First Amendment. Independently, the indictment fails to allege a threat to injure "the person of another" under 18 U.S.C. § 875(c).

RESPECTFULLY SUBMITTED,

CRISTIE GAUTREAUX GIBBENS
Federal Public Defender
Middle and Western Districts of Louisiana

BY: ***s/ Dustin C. Talbot***
DUSTIN C. TALBOT
Appellate Chief

***s/ John M. Piccione***
JOHN M. PICCIONE
Assistant Federal Public Defender
102 Versailles Boulevard, Suite 816
Lafayette, Louisiana 70501
Telephone: (337) 262-6336

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 26, 2026, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of the filing will be sent by operation of the Court's electronic filing system to all counsel of record.

***s/ Dustin C. Talbot***